# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES P. SHIPPEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-721 |
| | ) | |
| TIMOTHY SPROWLS, *et al.*, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is Defendants James Green, Scott Neal, Terry Seilhammer, Timothy Sprowls, and Christopher Walsh's Motion for Sanctions (Doc. 54). For the reasons stated herein, the Court will grant Defendants' motion.

As set forth in this Court's Order to Show Cause (Doc. 53), Plaintiff and his counsel failed to comply with the Case Management Order (Doc. 48) dated October 28, 2011. Specifically, Plaintiff's counsel failed to submit the position letter required by the Case Management Order, and Plaintiff and his counsel failed to appear for the Post-Discovery Status Conference scheduled for November 29, 2011, at 10:00 A.M. Following Plaintiff and his counsel's failure to appear for the Post-Discovery Status Conference, the Court issued an Order to Show Cause (Doc. 53) why Plaintiff and his counsel should not be ordered to pay Defendants' reasonable expenses, including attorney's fees, associated with Defendants' preparation for and appearance at the Post-Discovery Conference, or otherwise sanctioned. Defendants then filed their Motion for Sanctions (Doc. 54). Plaintiff filed a Response (Doc. 55) to the Order to Show Cause on December 5, 2011.

1

The Court finds Plaintiff's Response wholly unpersuasive. Plaintiff's counsel appears to suggest that failure to comply with the Case Management Order resulted from "confusion" because "[t]he background to this case is quite convoluted." Response to Order to Show Cause 1-5 (Doc. 55). The Court finds Plaintiff's excuses for failing to comply with the Case Management Order confusing and "quite convoluted."

Plaintiff's counsel acknowledges that the October 28, 2011 Case Management Order (Doc. 48) set a Post-Discovery Status Conference before the undersigned for November 29, 2011, at 10:00 A.M. See Response to Show Cause Order 3 (Doc. 55).[1] This case previously was assigned to Judge Conti. See Order Reassigning Case, Oct. 26, 2011. According to Plaintiff's counsel, the status conference previously scheduled for November 29, 2011 at 4:15 P.M. before Judge Conti "created confusion" because of the "similarity of dates" with the status conference scheduled for November 29, 2011 at 10:00 A.M. before the undersigned. Response to Show Cause Order 3 (Doc. 55). Setting a conference for a different time on the same date as a previously-scheduled conference could not have created any reasonable "confusion." Additionally, it is evident from Plaintiff's submission that neither Plaintiff nor his counsel planned to appear in this Court on November 29, 2011, whether at 10:00 A.M. or at 4:15 P.M., as neither Plaintiff nor his counsel planned to be in Pittsburgh that day. See id. at 4 (indicating that, on the day prior to the conference, Plaintiff was in Florida and unable to come to Pittsburgh the next day, and that Plaintiff's counsel had no arrangements for transportation to Pittsburgh the next day).

---

[1] The docket text for the Case Management Order (Doc. 48) refers to a "Settlement Conference." The Case Management Order refers to a "Post-Discovery Status Conference." Plaintiff's counsel appears to suggest that the docket text's designation of the conference as a "Settlement Conference" led to his "confusion." For the reasons stated herein, Plaintiff's counsel's explanations for failing to comply with the Case Management Order are unpersuasive, regardless of the name given to the conference.

2

Plaintiff's counsel asserts that he also was "confused" by the state of settlement discussions in this case. Id. at 3-4. According to Plaintiff's counsel, while this case was pending before Judge Conti, the parties filed a joint motion informing the Court that further mediation was not desired. See Response to Order to Show Cause 3 (Doc. 55). According to Plaintiff, this joint motion does not appear on the docket. Id. The Court surmises that Plaintiff's counsel is referring to the parties' Joint Notice Regarding Mediation (Doc. 47), which was requested by Judge Conti. See Minute Entry of Status Conf., Sept. 20, 2011. In that joint notice, the parties informed the Court that they had "conferred and do not seek further mediation." Joint Notice ¶ 5 (Doc. 47). According to Plaintiff's counsel, he assumed that "the issue of settlement was dead also with the court" because of the parties' joint motion. Response to Order to Show Cause (Doc. 55). Plaintiff's counsel suggests that this somehow meant the parties did not need to attend the "settlement conference" set by the Case Management Order (Doc. 48).

Plaintiff's counsel's explanation is illogical. The Case Management Order (Doc. 48) scheduling the conference was issued several weeks after the parties' filed their joint notice. Obviously, the issue of settlement was not "dead" with the Court. Further, a joint notice by the parties that they do not seek further mediation is unrelated to conferences before the Court. In any event, parties cannot simply file a joint notice to excuse themselves from attending Court-ordered conferences.[2] Whether or not the parties believed settlement was possible, they must attend a post-discovery conference. See LCvR 16.1.B. There can be no reasonable confusion

---

[2] Even if Plaintiff's counsel was so confused that he believed the "joint notice" that the parties "do not seek further mediation" really was a "joint motion" to be excused from conferences before the Court, the mere filing of such a motion cannot excuse parties from attending such conferences. Plaintiff's counsel acknowledges that any such motion was "pending." Response to Order to Show Cause 3 (Doc. 55). The Court did not issue any orders excusing Plaintiff or Plaintiff's counsel from attending the Post-Discovery Status Conference.

3

that the Court expected the parties to attend the conference set by the Case Management Order (Doc. 48).

Even if Plaintiff's counsel were confused into assuming that the Court scheduled a conference for nobody to attend, any confusion was alleviated by Plaintiff's telephone call to the undersigned's chambers the day prior to the conference. As acknowledged by Plaintiff's counsel, he was instructed by chambers' staff that if he and his client were unable to attend the conference, he should file a motion to reschedule the conference. Response to Order to Show Cause 4 (Doc. 55). According to Plaintiff's counsel, he did not believe "that there was a need to file the motion to reschedule immediately because he believed he had a bench order that the conference would not go forward." Id. at 4-5.

First, the Court made no such ruling and issued no such order. Indeed, Plaintiff was specifically informed during that call that if he wished to postpone the conference due to his and/or his client's unavailability, he would have to file a motion. Second, no attorney could reasonably believe that an ex parte telephone call with chambers' staff could result in an "order" cancelling a court-ordered conference. Finally, a motion to reschedule a conference after the scheduled date and time of the conference has passed, quite obviously, would serve no purpose.

Pursuant to Federal Rule of Civil Procedure 16(f), the Court <u>must</u> order Plaintiff, Plaintiff's counsel, or both to pay the reasonable expenses, including attorney's fees, incurred because of their noncompliance with the Court's Case Management Order, "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." For the reasons stated above, the Court finds that Plaintiff and his counsel's noncompliance with the Case Management Order (Doc. 48) were not substantially justified and no circumstances exist to make an award of expenses unjust. Because Plaintiff's counsel has

4

accepted responsibility for Plaintiff's failure to comply with the Case Management Order, see Response to Order to Show Cause 7 (Doc. 55), sanctions will be imposed on Plaintiff's counsel only.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Defendants James Green, Scott Neal, Terry Seilhammer, Timothy Sprowls, and Christopher Walsh's Motion for Sanctions (Doc. 54) is **GRANTED**.  Plaintiff's counsel is **ORDERED** to pay Defendants' reasonable expenses, including attorney's fees, associated with Defendants' preparation for and appearance at the November 29, 2011 Post-Discovery Status Conference.

**IT IS SO ORDERED**.

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

December 7, 2011

cc (via e-mail):

All counsel of record.